## MAURER et al. v. VAN SCIVER et al.*
### No. 6042.

Circuit Court of Appeals, Third Circuit.

May 29, 1936.

THOMPSON, Circuit Judge, dissenting.

---

*Rehearing denied Sept. 22, 1936.

by the use of interior forms or supports covered over with canvas or other substance and painted to represent mountains. The making of such ornaments necessarily

Charles H. Howson, of Philadelphia, Pa., and William B. Jaspert, of Pittsburgh, Pa., for appellants.

Julius E. Foster and Morris M. Berger, both of Pittsburgh, Pa., for appellees.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

This patent case concerns scenery-forming paper, for seasonal or Christmastime decoration, in the formation of miniature mountains and the like. Prior to this patent, mountain effects, tunnels, etc., were made involved labor and expense. They were difficult to ship, and consequently their use was restricted, in Christmas decorations, to those who were able to pay corresponding prices. All this was changed by the invention in suit.

What the patentees did is described in the specification:

"The leading object of the present invention is to provide novel scenery-forming paper in flat sheets or strips capable of being manufactured in roll form for sale by the yard, which paper is sufficiently pliable to permit shaping by hand to produce minia-

ture mountains, tunnels and the like without the employment of braces, frames or similar supporting structure. A further object of the present invention resides in the provision of novel scenery-forming paper in flat sheets or strips the surface of which is so treated that when the paper is rumpled, creased, bent or otherwise manipulated by hand realistic scenes may be produced symbolic of mountain peaks covered with snow, portions produced symbolic of grass, portions produced symbolic of mineral deposits and other portions produced symbolic of rocks. A still further object is to provide scenery-forming paper of the character stated which may be readily manufactured to retail at small cost and which possesses the further economic feature that it may be smoothed out, formed into a roll and re-used as occasion may arise."

The patentees' application was promptly rejected by the Patent Office, which stated:

"Claims 1 to 6 inclusive, are rejected on any of the following patents:

"Glock, 459,066, Sept. 8, 1891.
"Replogle, 238,527, Mar. 8, 1881.
"Wilmsen, 1,217,675, Feb. 27, 1917, 41-10.
"Clark, 224,388, Feb. 10, 1880, 41-26.

"While applicants' paper has a slightly different design it is held that this feature would not add patentability."

As appears by the file wrapper, the applicants thereafter stated:

"A sample of the paper and a photograph of a garden equipped therewith was left with the Examiner. It was shown that the references had nothing in common with applicants' product. Patent #224,388 calls for a coat of varnish. This has the tendency to render the paper stiff and brittle so that if crumpled up, as in applicant's case, it would immediately crack and be useless for applicants' purpose. It is applied to framework of some sort. Patent No. 459,066 calls for a stiff material, glue being employed. In this instance a frame work is also required. Patent #1,217,675 calls for a stiff article, adhesive material being employed. This is a pressed or molded article. Patent #238,527 also calls for a pressed or molded article. In no single instance cited is a pliable material, in roll form, for sale by the yard disclosed. Last Christmas applicants sold thousands of yards of their paper and this year, so far, double the quantity has been sold. It can be conveniently handled by department stores, usually being dispensed in three yard lengths rolled up in tissue paper because of its pliable nature. Noth-

ing of a similar nature has ever been designed for Christmas gardens and the public has placed its stamp of approval thereon. In view of the showing at the interview in conjunction with the present amendment and argument an allowance is respectfully urged.

"It is to be understood that the cancellation or amendment of any claim to change the phraseology more clearly to define the construction or to meet the views of the Examiner is not to be construed as a waiver of any rights which applicant may hereafter desire to assert in case of any future litigation on the patent eventuating out of this application."

This showed the novelty and usefulness of the alleged invention and that the changes in the claims were in mere phraseology and not in restriction or further limitation of the claims. Acting on this statement, the Patent Office reversed its former ruling and at once granted the patent in question.

As will be seen, the patentees used common, pliable wrapping paper and thereon used paint and material described in their specification as follows:

"The scenery-forming paper, according to the present invention, is manufactured in the following manner: A good grade of tough pliable wrapping paper in rolls a of 150 yards, more or less and of a width approximating 24 inches is first coated upon one entire face with relatively dark lead paint. Best results have been obtained by employing paint, consisting of a lead pigment and darkened to desired shade and mixed with a liquid composed of a synthetic gum, petroleum spirits and a rapid dryer. Before the paint has dried sand is sprinkled thereover which in conjunction with the paint is symbolic of a rough rocky background b. Whilst still wet the paper has also sprinkled thereover saw-dust colored green, moss or equivalent material symbolic of grass c. When the surface of the paper so treated has sufficiently dried it is further decorated in the manner following:—At suitable places dabs of white paint symbolic of snow d, are provided and at other places the paper is painted a dark red symbolic of mineral deposits e. While the white paint is still wet finely ground white mica is sprinkled thereover to provide a glistening effect thus enhancing the imitation of snow. As thus prepared the paper, due to the character of paint employed, dries very rapidly and is quite pliable which is important since it must stand considerable crumpling or like

188

manipulation. If the paper when treated is possessed of stiff, brittle characteristics it cannot be satisfactorily employed for the purpose designed. The prepared paper is now re-rolled for wholesale distribution and is retailed by the yard. It is possessed of sufficient body so that when crumpled to desired configuration as a miniature mountain, tunnel or the like, it is self-supporting."

His device is shown in the specification figures accompanying this opinion. It will be observed that there are no braces, no framework, or no supporting structure. The paper is simply taken in the hand and crumpled or crushed, and the more it is crumpled, the better the effect.

The realistic background and the scenic effect produced add to the pleasure of children, and as the rolls may be purchased in flat sheets, in desired lengths, at low cost, and after their seasonal use may be flattened out and re-rolled and stored away for the next year, the reason is seen why it at once leaped into favor, the proofs being that between six and seven hundred thousand rolls have been sold at 25 cents a roll.

It is clear that no such paper existed in the prior art, which could be thus crumpled so as to represent serrated or jagged miniature mountains and produce the same scenic effects. This was not a new use of an old product, but was the creation of a new product which could be used in the way the old devices could not be used. In other words, the new product creates or makes possible a new use. No evidence whatever was given in the court below by the alleged infringers.

After argument and full consideration had, we are of opinion that the Patent Office was right in reversing itself and granting this patent, thus holding it novel and useful and inventive. The attitude of the public toward the invention conclusively shows that the examiners were right and that the Patent Office properly granted the patent in question. So holding, the judgment of the court below is vacated and the record remanded to the court below, with directions to find the patent valid and infringed, with consequent accounting.

This view necessarily involves a vacation of the District Court's decree in reference to the consent decree against the Minskys.

THOMPSON, Circuit Judge, dissents.

Herman L. Barnett and Robert B. Todd, both of New Orleans, La., for appellant.

Lester L. Gibson, Sp. Asst. to the Atty. Gen., of Washington, D. C., and R. M. Bourdeaux, U. S. Atty., of Meridian, Miss., for appellees.